[Cite as *In re H.R.*, 2014-Ohio-5390.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:  THE ADOPTION OF H.R.       CASE NO.  8-14-15

[LARRY REISINGER II - APPELLANT].       **O P I N I O N**

Appeal from Logan County Common Pleas Court
Family Court - Probate Division
Trial Court No. 12 AD 12

Judgment Affirmed

Date of Decision:    December 8, 2014

APPEARANCES:

    *Elizabeth M. Mosser* **for Appellant**

    *Kathryn C. Dougherty* **for Appellees**

**PRESTON, J.**

{¶1} Appellant, Larry Reisinger II ("Reisinger"), appeals the June 9, 2014 judgment entry of the Logan County Court of Common Pleas, Family Court – Probate Division, concluding that Reisinger's consent to the adoption of his biological child, H.R., is not necessary. In its entry, the trial court ordered that H.R.'s maternal grandparents, appellees, Ravonda ("Ravonda") and Thomas ("Thomas") Taylor (collectively, the "Taylors"), "can proceed with the adoption of their minor granddaughter without [Reisinger's] consent." For the reasons that follow, we affirm.

{¶2} H.R. was born on September 4, 2009 and placed in the Taylors' home on September 19, 2009. (Doc. Nos. 1, 7). Reisinger has been incarcerated since January 2010, and he is currently incarcerated at the Belmont Correctional Institution in St. Clairsville, Ohio. (*See* Aug. 16, 2012 Tr. at 24, 28, 32, 36); (Doc. No. 33).

{¶3} On June 5, 2012, the Taylors filed a petition to adopt H.R. (Doc. No. 1). In their petition, the Taylors asserted that Reisinger's consent to the adoption was not necessary because: (1) Reisinger "failed without justifiable cause to provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the adoption petition"; and (2) Reisinger "failed without justifiable cause to provide for the maintenance and support of the

minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition." (Doc. No. 1). Also on June 5, 2012, H.R.'s biological mother, Roxanne Taylor, filed her consent to the Taylors' adoption of H.R. (Doc. No. 6).

{¶4} The first two attempts by the clerk of the court to serve Reisinger with notice of the Taylors' petition and the hearing on the petition were unsuccessful. (Doc. Nos. 14, 16, 23, 24, 25, 28). The clerk's third attempt to serve Reisinger with notice was successful. (Doc. Nos. 29, 30, 33). The clerk served that notice on June 26, 2012, and the return receipt was signed on June 28, 2012. (Doc. Nos. 30, 33). On July 2, 2012, the trial court filed proof of service of the notice on Reisinger. (Doc. No. 33). (*See also* Doc. No. 35).

{¶5} On July 9, 2012, Reisinger, pro se, filed a handwritten document "To Judge Michael L. Brady and Judge C. Douglas Chamberlain," in which he stated, among other things:

> I do not and will not under any circumstances give up my rights as a father to my daughter to allow her to be adopted. I protest the adoption. I ask the court to vacate the application for adoption. Ravonda and Thomas Taylor does [sic] not and the court does not have my approval for adoption.

(Doc. No. 34).

{¶6} On June 26, 2012, Reisinger, now represented by counsel, filed a motion to dismiss the Taylors' petition, arguing that the trial court should dismiss the case because "the venue for the adoption petition is not appropriate in Logan County" and because his "consent is necessary for the adoption and such consent is not given." (Doc. No. 36). Attached as an exhibit to Reisinger's motion to dismiss was a spreadsheet from the Union County, Ohio Child Support Enforcement Agency, reflecting that, from July 2011 to June 2012, Reisinger paid $4.50 each month toward his monthly child-support obligation of $128.81. (*Id.*, Ex. B).

{¶7} On August 1, 2012, the trial court filed an entry reflecting that the Supreme Court of Ohio assigned retired judge C. Douglas Chamberlain to preside in the case. (Doc. No. 37).

{¶8} On August 8, 2012, the trial court ordered that the hearing on the Taylors' petition set for August 16, 2012 be changed to a hearing on Reisinger's motion to dismiss the petition. (Doc. No. 41).

{¶9} On August 15, 2012, the Taylors filed a "motion in response to [Reisinger's] motion to dismiss," contending "that their Petition for Adoption was properly filed in Logan County and, that, [Reisinger's] consent to the adoption is not necessary." (Doc. No. 46).

{¶10} The trial court held the hearing as scheduled on August 16, 2012 on Reisinger's motion to dismiss the Taylors' petition. (Aug. 16, 2012 Tr. at 4); (Doc. No. 49). Judge Chamberlain presided at the hearing. (Aug. 16, 2012 Tr. at 1). At the conclusion of the hearing, the trial court ordered that the parties file proposed findings of fact and conclusions of law, which Reisinger did on August 29, 2012, and the Taylors did on August 30, 2012. (*Id.* at 69); (Doc. Nos. 49, 50, 51).

{¶11} On February 6, 2013, the Taylors filed a "motion for status," requesting that the trial court update the parties concerning the status of the case. (Doc. No. 54).

{¶12} On March 19, 2013, the trial court filed an entry ordering the case stayed until the conclusion of a custody case involving H.R. in the Union County Court of Common Pleas, Juvenile Division. (Doc. No. 55).

{¶13} On April 4, 2013, the Taylors requested relief from the stay, notifying the trial court of the conclusion of the Union County case. (Doc. No. 59).

{¶14} On June 27, 2013, the trial court filed an entry in which Judge Chamberlain withdrew from his assignment in the case. (Doc. No. 66).

{¶15} On July 11, 2013, the trial court filed an entry reflecting that the case was assigned to Judge Michael L. Brady. (Doc. No. 67). That same day, the trial

court filed an entry granting the Taylors' request for relief from the stay and ordering a hearing on their petition for adoption to be held on September 20, 2013. (Doc. No. 68).

{¶16} On August 19, 2013, Reisinger filed a "motion finding consent to adoption necessary." (Doc. No. 84). In it, Reisinger asserted "that all pertinent evidence as to the necessity of * * * Reisinger's consent" was properly before the trial court and requested that the trial court decide that issue "based upon the transcript of the [August 15, 2012] hearing, the evidence, and the proposed findings of fact presented." (*Id.*).

{¶17} On September 13, 2013, the trial court filed an order continuing the September 20, 2013 hearing on the petition for adoption and allowing counsel for the parties to file briefs in support of their respective positions, which they did in October 2013. (Doc. Nos. 91, 92, 93).

{¶18} On December 10, 2013, the Taylors filed a "motion for status," requesting that the trial court update the parties concerning the status of the case. (Doc. No. 94).

{¶19} On January 16, 2014, the Taylors filed an adoption home study, letters of recommendation, and a home-safety audit. (Doc. Nos. 95, 96, 97).

{¶20} On June 9, 2014, the trial court filed the judgment entry that is the subject of this appeal. (Doc. No. 98). In it, the trial court concluded that:

Reisinger's consent to the adoption was not required under R.C. 3107.07(K) because he failed to timely file an objection to the petition for adoption; that Reisinger's consent to the adoption was not necessary under R.C. 3107.07(A) because he "had no, or at best, only *de minimis* contact with [H.R.] for the one year time period immediately prior to the filing of the Petition for Adoption"; that under R.C. 3107.07(A), "any support or maintenance [Reisinger] has paid or provided has been miniscule and a token at best"; and that it is in H.R.'s "best interest that she be adopted by [the Taylors] and have no contact with [Reisinger]." (*Id.* at 15-16).

{¶21} On July 9, 2014, Reisinger filed a notice of appeal. (Doc. No. 102). He raises two assignments of error for our consideration.

**Assignment of Error No. I**

**The trial court erred and abused its discretion by finding consent of appellant, to the adoption of H.R., unnecessary.**

{¶22} In his first assignment of error, Reisinger argues that the trial court erred when it concluded that Reisinger's consent to the Taylors' adoption of H.R. was not necessary. Specifically, Reisinger argues that the trial court: overlooked his timely filed objection; improperly construed his financial support of his daughter to be insufficient; improperly construed his contacts with H.R. to be de minimis; and failed to make a finding regarding whether his failures to provide support and maintenance and to have more than de minimis contact with H.R.

were justifiable. In their brief, the Taylors do not address the trial court's conclusion that Reisinger failed to timely file an objection to the adoption; rather, they argue that the trial court properly found that Reisinger failed to provide more than de minimis contact with H.R. and that he failed to provide for the maintenance and support of H.R. The Taylors also argue that while the trial court's analysis and findings do not contain the phrase "justifiable cause," "the import of the trial court findings was that there was no justifiable cause for [Reisinger] to have less than de minimis contact with H.R. and to not provide maintenance or support for her." (Appellee's Brief at 11).

{¶23} We first address the trial court's conclusion that Reisinger's consent was not required under R.C. 3107.07(A). "Ordinarily, the written consent of a minor child's natural parents is required prior to adoption, but R.C. 3107.07 provides exceptions to this requirement." *In re Adoption of K.C.*, 3d Dist. Logan No. 8-14-03, 2014-Ohio-3985, ¶ 20. Specifically, R.C. 3107.07 states:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as

required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

R.C. 3107.07(A). "R.C. 3107.07(A) is written in the disjunctive." *In re Adoption of K.C.* at ¶ 21. "Therefore, a failure without justifiable cause to provide *either* more than de minimis contact with the minor *or* maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." (Emphasis sic.) *Id.*, citing *In re Adoption of A.H.*, 9th Dist. Lorain No. 12CA010312, 2013-Ohio-1600, ¶ 9.

{¶24} Because cases such as this one may involve the termination of fundamental parental rights, the party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to provide more than de minimis contact with the minor or failed to provide for the maintenance and support of the minor during the requisite one-year period and that there was no justifiable cause for the failure. *Id.* at ¶ 24, citing *In re R.L.H.*, 2d Dist. Montgomery No. 25734, 2013-Ohio-3462, ¶ 9. "'Once the petitioner has established this failure, the burden of going forward shifts to the parent to show some facially justifiable cause for the failure. * * * The burden of proof, however, remains with the petitioner.'" *In re R.L.H.* at ¶ 9, quoting *In re A.N.B.*, 12th Dist. Preble No. CA2012-04-006, 2012-Ohio-3880, ¶ 10. "Clear and convincing

evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. *See also In re Adoption of K.C.* at ¶ 24.

{¶25} "The Supreme Court of Ohio has articulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A)." *In re Adoption of K.C.* at ¶ 23, citing *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23. The first step involves deciding a factual question—in this case, whether the parent failed to provide more than de minimis contact with the minor or failed to provide for the maintenance and support of the minor for a period of at least one year immediately preceding the filing of the adoption petition. *See id.*, citing *In re R.L.H.* at ¶ 12, citing *In re Adoption of M.B.* at ¶ 23. *See also In re Adoption of S.J.M.H.*, 1st Dist. Hamilton No. C-130683, 2014-Ohio-3565, ¶ 29. "'A trial court has discretion to make these determinations, and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision * * *.'" *In re Adoption of K.C.* at ¶ 23, quoting *In re Adoption of M.B.* at ¶ 25. *See also In re Adoption of S.J.M.H.* at ¶ 29. In the second step of the analysis, if a probate court finds the parent failed to provide

more than de minimis contact or failed to provide for the maintenance and support of the minor, the court then determines "whether justifiable cause for the failure has been proved by clear and convincing evidence." *In re Adoption of M.B.* at ¶ 23. *See also In re Adoption of K.C.* at ¶ 23. "A probate court's decision on whether justifiable cause exists will not be disturbed on appeal unless the determination is against the manifest weight of the evidence." *In re Adoption of K.C.* at ¶ 23, citing *In re Adoption of M.B.* at ¶ 24 and *In re Adoption of Masa*, 23 Ohio St.3d 163 (1986), paragraph two of the syllabus.

{¶26} We begin by addressing whether the trial court abused its discretion by finding that Reisinger failed to provide more than de minimis contact with H.R. The Taylors have had custody of H.R. since December 2010. (Aug. 16, 2012 Tr. at 12, 23). According to Ravonda, despite knowing the Taylors' address and phone number, Reisinger had "absolutely no contact" with H.R.—"[n]o phone calls, no letters, no gifts," and no emails. (*Id.* at 13-14). Thomas testified that Reisinger did not contact H.R. for the year preceding the Taylors' filing their petition to adopt H.R. (*Id.* at 22-23). According to Ravonda, she was unaware if any contact took place between Reisinger and H.R. during H.R.'s twice-a-month, overnight visitation with Reisinger's mother, Patricia Reisinger ("Patricia"). (*Id.* at 15).

{¶27} Reisinger testified that he has communicated with H.R. since his incarceration. (*Id.* at 29). Reisinger testified that he speaks with H.R. over the phone "[w]henever [his] mom gets visitation" every other week. (*Id.* at 29, 31). According to Reisinger, he writes letters addressed to H.R. and sends them to Patricia's address. (*Id.* at 29-30). Reisinger also testified that he writes letters to Patricia multiple times a week, and in those letters, he "will write something off to the side for [H.R.]." (*Id.*).

{¶28} Patricia testified that her overnight visitation with H.R. every other weekend began in September 2011; however, if H.R. is ill, "[s]ometimes a whole month might go by before [Patricia] see[s] [H.R.] again." (*Id.* at 40-41, 43). According to Patricia, she observed Reisinger speak with H.R. on the phone during Patricia's visitations with H.R. (*Id.* at 41-43). Patricia testified that Reisinger wrote letters to H.R., only some of which Patricia kept. (*Id.* at 44). Patricia identified Movant's Exhibit A as a copy of an envelope addressed from Reisinger to Patricia postmarked October 18, 2011, along with copies of the envelope's contents: a letter from Reisinger to H.R. dated November 22, 2011 and a note from Reisinger to Patricia, requesting that Patricia read Reisinger's letter to H.R. (*Id.* at 44-46); (Movant's Ex. A). Patricia identified Movant's Exhibit B as "the second birthday of September 2011 card" to H.R.; however, only the cover of the card was made part of Movant's Exhibit B. (Aug. 16, 2012 Tr. at 46-48);

-12-

(Movant's Ex. B). Patricia identified Movant's Exhibit C as a copy of a Christmas card addressing Patricia and H.R., sent by Reisinger in December 2011. (Aug. 16, 2012 Tr. at 47-48); (Movant's Ex. C). Patricia identified Movant's Exhibit D as a "miss you" card and drawing that Reisinger sent H.R.; however, because H.R. was ill, Patricia had not seen her since July 7, 2012, and the card and drawing she identified as Movant's Exhibit D arrived after that date, so H.R. had not seen them. (Aug. 16, 2012 Tr. at 48-49); (Movant's Ex. D). Patricia identified Movant's Exhibit E as a letter Reisinger wrote to H.R. "in 2011," which she read to H.R. (Aug. 16, 2012 Tr. at 49); (Movant's Ex. E).

{¶29} On cross-examination, Patricia acknowledged that the October 18, 2011 postmark on Movant's Exhibit A predates the November 22, 2011 letter that was purportedly inside the envelope, but Patricia explained, "[T]his is at another time. I have had that – the letters that I had, I had in that envelope. That is probably why I thought it went together." (Aug. 16, 2012 Tr. at 54-55). Patricia acknowledged that the cards and letters constituting Movant's Exhibits B, C, D, and E were undated. (*Id.* at 56-57). Patricia could not recall how many visits she has had with H.R. since her visitation began in September 2011. (*Id.* at 59).

{¶30} On re-direct examination, Reisinger's counsel asked Patricia whether the letters and cards submitted as exhibits at the hearing were "all the cards and letters that [Reisinger] has ever sent to [H.R.]." (*Id.* at 61). Patricia responded,

"Card wise, yes. Letters, as I have stated, with my letters, he would, you know, tell me give [H.R.] loves [sic] and kisses. Or tell her daddy will be calling. Things like that." (*Id.*).

**{¶31}** In finding that Reisinger failed to provide more than de minimis contact with H.R., the trial court found Patricia "to be less than credible at the August 16, 2012 hearing," noting the discrepancy between the October 18, 2011 postmark and November 22, 2011 letter in Movant's Exhibit A. (June 9, 2014 Judgment Entry, Doc. No. 98, at 11). The trial court also observed that Movant's Exhibits B, C, D, and E were undated and that Reisinger and Patricia did not state with any certainty how many visits H.R. had with Patricia or how often Reisinger spoke with H.R. during the visits. (*Id.* at 12). Finally, the trial court took judicial notice that it was Patricia, not Reisinger, who requested in the Union County court that Reisinger be granted visitation while in prison. (*Id.*).

**{¶32}** The trial court's finding that Reisinger failed to provide more than de minimis contact with H.R. was not an abuse of discretion. We begin by noting, as we did recently in *In re Adoption of K.C.*, that the current version of R.C. 3107.07(A) became effective April 7, 2009. 2014-Ohio-3985, at ¶ 22. "The prior version of the statute required a finding that the parent failed to 'communicate' with the minor child for a period of one year." *Id.* "The Legislature amended the statute to require a finding that the parent failed to 'provide more than de minimis

contact' with the minor child for a period of one year." *Id.* "'By changing the standard from 'communicate,' which could imply a single contact, to 'more than de minimis contact,' which seems to imply more than a single contact, the Legislature indicated its intent to require more effort from the parent to have contact and communication with the child.'" *Id.*, quoting *In re J.D.T.*, 7th Dist. Harrison No. 11 HA 10, 2012-Ohio-4537, ¶ 9.

{¶33} The Taylors testified that they knew of no contact between Reisinger and H.R. for the year preceding their filing their petition to adopt H.R. on June 5, 2012. Between June 5, 2011 and September 2011, Patricia did not have visitation with H.R., and judging by Reisinger's and Patricia's testimony, Reisinger had no contact with H.R. during that time. And while Reisinger and Patricia testified that Reisinger called Patricia during Patricia's visitations with H.R., neither Reisinger nor Patricia specified on how many occasions Reisinger called. In fact, Patricia testified that "[s]ometimes a whole month might go by before [she] see[s] [H.R.] again." Reisinger introduced no telephone or other records verifying his contacts with H.R. Finally, as the trial court noted, the cards and letters introduced as exhibits by Reisinger at the August 16, 2012 hearing were undated, except for one of the exhibits, Movant's Exhibit A, which bore a date discrepancy between the envelope and the letter it contained.

**{¶34}** For these reasons, we hold that the trial court did not abuse its discretion in finding that Reisinger failed to provide more than de minimis contact with H.R. for the one-year period preceding the Taylors' petition for adoption.[1] Based on that holding, and because R.C. 3107.07(A) is written in the disjunctive, we decline to address the trial court's finding regarding whether Reisinger provided maintenance and support to H.R., and we instead proceed to address whether Reisinger possessed justifiable cause for failing to provide more than de minimis contact with H.R. for the one-year period preceding the Taylors' petition for adoption. *See In re Adoption of K.C.*, 2014-Ohio-3985, at ¶ 21.

**{¶35}** Reisinger argues that the trial court "wholly failed to make a finding as to whether a failure to provide support, or failure to contact the child, was justifiable." (Appellant's Brief at 11). Reisinger argues that he testified that he did not attempt to contact H.R. when she was with the Taylors "because they would have thrown out his correspondence or blocked his communication with

---

[1] Reisinger argues in a footnote, and without citing authority, that the judge who issued the June 9, 2014 judgment entry "did not, in fact, sit in the actual hearing" but nevertheless said in the June 9, 2014 judgment entry, "This Court also took the opportunity during the hearing on August 16, 2012 to observe the parties and their testimony, and applied the usual tests of credibility to their testimony, including, but not limited to, their interest in the outcome." (Appellant's Brief at 10, fn. 1, quoting June 9, 2014 Judgment Entry, Doc. No. 98, at 3). Reisinger takes issue with the successor judge's finding Patricia's testimony "to be less than credible." (June 9, 2014 Judgment Entry, Doc. No. 98, at 11). Some Ohio courts have held that a successor judge cannot render a judgment on the transcript when witness credibility is a factor, even if the parties attempt to stipulate to the contrary. *Vergon v. Vergon*, 87 Ohio App.3d 639, 643 (8th Dist.1993), citing *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295 (10th Dist.1990); *Welsh v. Brown-Graves Lumber Co.*, 58 Ohio App.2d 49, 51-52 (9th Dist.1978). However, we need not and do not address that issue because even assuming Patricia's testimony was credible, the testimony and the exhibits offered at the August 16, 2012 hearing demonstrate that the trial court did not abuse its discretion in finding that Reisinger failed to provide more than de minimis contact with H.R.

[H.R.]." (*Id.* at 11). Reisinger also argues that the Union County court denied him visitation with H.R. while he is in prison.

**{¶36}** In addition to the testimony we discussed above, Reisinger testified on direct examination that he did not send letters to H.R. at the Taylors' residence "[b]ecause they will not give it to [H.R.]. They will get it and throw it straight away." (Aug. 16, 2012 Tr. at 30). When asked why he thought that, Reisinger responded, "We do not get along. And they are trying to take my kid. They won't even let my family see my daughter. My mom had to go through court just to get visitation to even see my daughter, because they wouldn't allow it." (*Id.*). When the Taylors' counsel asked Reisinger on cross-examination why he did not send "any information, any packages, any letters, any e-mail or call to the Taylors [sic] residence where [H.R.] is," Reisinger responded that he did not send emails because he "cannot get on the computer" in prison and that, "[a]s far as letters and stuff, the Taylors would just throw them away." (*Id.* at 35). Reisinger acknowledged that he had the Taylors' address and that Patricia had the Taylors' phone number. (*Id.* at 34-35). Ravonda testified on cross-examination that she "did not get along" with Reisinger and that Reisinger was "[p]robably not" "someone that [she] would be comfortable calling up and having a conversation with." (*Id.* at 19-20).

{¶37} When Reisinger's counsel asked him on direct examination, "Have you asked for visitation during your incarceration?," Reisinger responded, "Yes, *I* have." (Emphasis added.) (*Id.* at 28). However, Ravonda testified that it was Patricia who requested that she be allowed to take H.R. to the prison where Reisinger is incarcerated to see Reisinger. (*Id.* at 15). When asked on direct examination to "describe [Reisinger's] relationship with [H.R.]," Patricia responded:

> His relationship is now distant. *We* have tried since February of
> 2011 to try to get this situation going. The judge first ruled it was in
> the best interest for the child to see the father. But the Taylors have
> fought through the long distance and due to the travel time, the judge
> had ordered that once he gets closer to home, then she would allow
> the visits.

(Emphasis added.) (*Id.* at 53).

{¶38} We first address Reisinger's argument that the trial court "wholly failed" to make a justifiable-cause finding. While the trial court did not mention the phrase "justifiable cause" in its analysis and findings, it is clear from its judgment entry that it found that Reisinger's failure to provide more than de minimis contact with H.R. was not supported by justifiable cause. R.C. 3107.07(A) provides, "Consent to adoption is not required" if the trial court "*finds*

-18-

by clear and convincing evidence that the parent has failed *without justifiable cause* to provide more than de minimis contact with the minor * * * for a period of at least one year immediately preceding * * * the filing of the adoption petition * * *." (Emphasis added.) Particularly in light of the two-step R.C. 3107.07(A) analysis articulated by the Supreme Court of Ohio in *In re Adoption of M.B.*, the best practice is for the trial court to state on the record its finding concerning justifiable cause. 2012-Ohio-236, at ¶ 23. However, Reisinger directed us to no authority suggesting that the trial court must refer explicitly to "justifiable cause" in its analysis, and we found none.

{¶39} We next address Reisinger's substantive arguments concerning justifiable cause. Once the Taylors established a failure by Reisinger to provide more than de minimis contact with H.R., the burden of going forward shifted to Reisinger to show some facially justifiable cause for the failure. *In re R.L.H.*, 2013-Ohio-3462, at ¶ 9, citing *In re A.N.B.*, 2012-Ohio-3880, at ¶ 10. Based on our review of the record, we cannot conclude that the determination that justifiable cause did not exist is against the manifest weight of the evidence.

{¶40} In support of his justifiable-cause position, Reisinger relies on his incarceration, his sour relationship with the Taylors, and the denied request for visitations at the prison. We reject Reisinger's arguments. First, "'[a] trial court is not obligated to find justifiable cause exists solely on the basis that a parent is

incarcerated. * * * Instead, when a parent is in prison, reviewing courts have determined that imprisonment is one of several factors the court should consider.'" *In re J.A.B.*, 11th Dist. Trumbull No. 2013-T-0114, 2014-Ohio-1375, ¶ 37, quoting *In re Adoption of C.M.F.*, 12th Dist. Butler Nos. CA2013-06-090 and CA2013-06-091, 2013-Ohio-4719, ¶ 17. Second, Reisinger based his decision not to attempt to contact H.R. while she was with the Taylors on Reisinger's "not get[ting] along" with the Taylors, not any attempt by the Taylors to obstruct his communication with H.R. Indeed, Ravonda testified that Reisinger had the Taylors' contact information but had "absolutely no contact" with H.R. Finally, the record contains conflicting evidence concerning whether it was Reisinger or Patricia who moved for visitation at the prison.[2]

**{¶41}** For the foregoing reasons, we hold that the trial court did not err in concluding that Reisinger's consent to the Taylors' adoption of H.R. was not required under R.C. 3107.07(A) because he failed without justifiable cause to provide more than de minimis contact with H.R. for a period of at least one year immediately preceding the filing of the adoption petition. Based on our holding,

---

[2] The trial court took "judicial notice of the pleadings contained within the Union County Common Pleas Court, Juvenile Court, Case No. 20930056" and found "that [Reisinger] never filed any pleadings * * * requesting visitation with his daughter while imprisoned. Rather, it was [Reisinger's] mother who urged * * * a visitation order for [Reisinger]." (June 9, 2014 Judgment Entry, Doc. No. 98, at 12). "[A] court does not have the authority to take judicial notice of the proceedings in another case, including its own judgment entries." *Hurst v. Hurst*, 5th Dist. Licking No. 12-CA-70, 2013-Ohio-2674, ¶ 81. Therefore, in our manifest-weight review, we disregard the trial court's statements concerning the pleadings in the Union County case.

we need not and do not address Reisinger's argument that the trial court overlooked his timely filed objection.

**{¶42}** Reisinger's first assignment of error is overruled.

### Assignment of Error No. II

**The trial court erred by analyzing the best interest of the child on the issue of consent, when no evidence was taken at trial as to best interest, and the court improperly took judicial notice of another court's case to make its finding.**

**{¶43}** In his second assignment of error, Reisinger argues that the trial court erred by addressing H.R.'s best interest in its June 9, 2014 judgment entry because a child's best interest is not part of the R.C. 3107.07(A) analysis. While we agree that a child's best interest in not part of the R.C. 3107.07(A) analysis, we concluded above that the trial court did not err in concluding that Reisinger's consent was not necessary under R.C. 3107.07(A). The trial court's best-interest analysis was surplusage and does not affect our decision to affirm the judgment of the trial court. *See The Ohio Bank v. Wagner*, 3d Dist. Allen No. CA-2001-0143, 2002-Ohio-2078, ¶ 13. *See also Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, ¶ 16 (3d Dist.), quoting *Advantage Bank v. Waldo Pub, L.L.C.*, 3d Dist. Marion No. 9-08-67, 2009-Ohio-2816, ¶ 46 ("[A] judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.").

**{¶44}** Reisinger's second assignment of error is overruled.

{¶45} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**