[Cite as *In re Petition for Adoption of H.R.*, 2018-Ohio-2806.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

IN RE:  THE PETITION FOR
ADOPTION OF:                                                    CASE NO.  8-17-57

     H.T.,

[PATRICIA REISINGER,
ADMINISTRATOR OF THE ESTATE OF        O P I N I O N
LARRY REISINGER II - APPELLANT]

Appeal from Defiance County Common Pleas Court
Probate Court
Trial Court No. 12-AD-12

Judgment Affirmed

Date of Decision:  July 16, 2018

APPEARANCES:

    *Elizabeth M. Mosser* for Appellant

    *Kathryn C. Dougherty* for Appellees

**SHAW, J.**

{¶1} Appellant, Patricia Reisinger, Administrator for the Estate of Larry Reisinger, II, appeals the December 15, 2017 judgment of the Logan County Family Court Probate Division, granting the petition for adoption filed by Ravonda T. and Thomas T. of their minor grandchild, H.T. On appeal, Patricia claims that the trial court erred in overruling her motion for a new trial based upon additional evidence, and finding that granting the petition for adoption of H.T. was the least detrimental available alternative and was in the child's best interest.

*Procedural History*

{¶2} H.T. was born in 2009 and placed in Ravonda and Thomas' home immediately after her discharge from the hospital at 15 days old. Ravonda and Thomas are the parents of H.T.'s biological mother. Appellant Patricia is H.T.'s paternal grandmother, and mother to Larry, H.T.'s biological father. The record suggests that there was a court order issued by the Union County Juvenile Court which gave Ravonda and Thomas legal custody of H.T. and granted Patricia visitation with H.T.[1]

---

[1] The record indicates that Union County Children Services became involved with H.T. shortly after her birth because a dependency, neglect, and abuse case was opened due to H.T.'s medical condition at the time of birth.

*1. Prior Proceeding: Consent*

**{¶3}** On June 5, 2012, Ravonda and Thomas filed a petition to adopt H.T. In their petition, Ravonda and Thomas asserted that Larry's consent to the adoption was not necessary because: (1) Larry, who at the time had been incarcerated since January 2010, "failed without justifiable cause to provide more than *de minimis* contact with [H.T.] for a period of at least one year immediately preceding the filing of the adoption petition;" and (2) Larry "failed without justifiable cause to provide for the maintenance and support of [H.T.] as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition." (Doc. No. 1). H.T.'s biological mother also filed her consent to Ravonda and Thomas' adoption of H.T. Larry opposed the petition and argued that his consent was necessary.

**{¶4}** On June 9, 2014, the trial court issued a judgment entry on the matter and concluded that Larry's consent to the adoption was not required under R.C. 3107.07(K) because he failed to timely file an objection to the petition for adoption; that his consent to the adoption was not necessary under R.C. 3107.07(A) because he "had no, or at best, only *de minimis* contact with [H.T.] for the one year time period immediately prior to the filing of the Petition for Adoption;" that under R.C. 3107.07(A), "any support or maintenance [Larry] has paid or provided has been miniscule and a token at best." (Doc. No. 98 at 15-16). The trial court further

concluded that it is in H.T.'s "best interest that she be adopted by [Ravonda and Thomas] and have no contact with [Larry]." (*Id*.).

{¶5} Larry appealed the trial court's determination regarding the issue of consent to this Court and argued that the trial court erred in finding his consent was unnecessary to proceed with the petition for adoption.

{¶6} On December 9, 2014, this Court affirmed the trial court's judgment in *In re H.R.*, 3d Dist. Logan No. 8-14-15, 2014-Ohio-5390. Specifically, we concluded that Larry's consent to the petition for adoption of H.T. was not required under R.C. 3107.07(A) because he failed without justifiable cause to provide more than *de minimis* contact with H.T. for a period of at least one year immediately preceding the filing of the adoption petition. *Id*. at ¶ 41.

*2. Judgment on the Adoption Petition*

{¶7} The case was remanded to the trial court, which considered the merits of the petition for adoption of H.T. Discovery was propounded by both parties and the trial court, over Ravonda and Thomas' objection, granted Larry's motion to have a guardian ad litem appointed to the case.

{¶8} On March 6, 2015, a new judge was assigned to preside over the case necessitating a continuance of the evidentiary hearing on the petition for adoption. The guardian ad litem filed her report on May 13, 2015.

{¶9} On May 14 and 28, 2015, and July 31, 2015 the trial court conducted an evidentiary hearing on the matter. The parties subsequently submitted written closing arguments to the trial court.

{¶10} For reasons not apparent from the record, no action by the trial court was taken regarding the determination of the merits of the petition for adoption during the remainder of 2015 and the entire year of 2016.

{¶11} On December 28, 2016, a "Notice of Death of Biological Father" was filed by Ravonda and Thomas' counsel, informing the trial court that Larry had died unexpectantly on December 24, 2016. A notice was subsequently filed with the trial court informing it that an Estate for Larry had been opened and that Patricia was named the Administrator.

{¶12} On January 3, 2017, a "Motion to Consider New Evidence" was filed on Larry's behalf and pursued by Patricia as fiduciary of the Estate. Ravonda and Thomas filed a response noting that Larry was the only party to the case who contested the petition for adoption. They further argued that Patricia was not a party to the case and had no standing to contest the petition.

{¶13} On September 5, 2017, Ravonda and Thomas filed a "Motion for Status," detailing the nearly five-year litigation of the pending adoption petition and "imploring" the trial court to hold a status hearing and provide the parties' counsel with a date as to when the final decision would be filed. (Doc. No. 203 at 6).

{¶14} On October 24, 2017, the trial court issued a decision granting Ravonda and Thomas' petition to adopt H.T.

{¶15} On November 20, 2017, Patricia, in her fiduciary capacity, filed a "Notice of Pending Motion—Lack of Final Appealable Order," claiming that the trial court failed to rule on the "Motion to Consider New Evidence" filed on January 3, 2017 in its decision granting the petition for adoption and arguing that no final appealable order as to the adoption existed. On the same day, Patricia filed a motion for a new trial based upon new evidence that had accumulated since the prior evidentiary hearing in 2015, and a motion for stay of judgment. Ravonda and Thomas filed responses to Patricia's motions.

{¶16} On December 15, 2017, the trial court issued a judgment entry finding that its October 24, 2017 judgment granting Ravonda and Thomas's petition to adopt H.T. rendered Patricia's January 3, 2017 motion to consider new evidence moot. With respect to Patricia's motion for a new trial, the trial court found that Larry's untimely death did not alter its decision to grant the petition for adoption under R.C. 3107.161 and thus found it unnecessary to hear additional evidence on the matter.

{¶17} Patricia subsequently filed a notice of appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**
**THE TRIAL COURT ABUSED ITS DISCRETION IN NOT CONSIDERING NEW EVIDENCE OR ORDERING A NEW TRIAL.**
**ASSIGNMENT OF ERROR NO. 2**
**THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE ADOPTION AND TERMINATING THE CHILD'S FAMILIAL RELATIONSHIPS.**

*First Assignment of Error*

{¶18} In the first assignment of error, Patricia argues the trial court abused its discretion when it overruled her motion for a new trial. Patricia contends that she was entitled to a new trial based upon newly discovered evidence that established that "[s]ince the time of final hearing, [H.T.] has had two additional years of continued visitations with Patricia Reisinger and her family." (Doc. No. 211 at 2). Patricia further maintained that Larry's untimely death also removed the primary concern that Ravonda and Thomas had with H.T.'s visitation with Patricia and her paternal family; specifically, their concern that Larry was a danger to H.T. and that court orders restraining him from contact with her were insufficient to protect her. (*Id.*).

{¶19} Civ.R. 59(A)(8) states that a new trial may be granted if the moving party presents "[n]ewly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial[.]" To prevail on a motion for a new trial based on the ground of newly discovered evidence:

-7-

> **it must be shown that (1) the new evidence must be such as will probably change the result if a new trial is granted, (2) it must have been discovered since the trial, (3) it must be such as could not in the exercise of due diligence have been discovered before the trial, (4) it must be material to the issues, (5) it must not be merely cumulative to former evidence, and (6) it must not merely impeach or contradict the former evidence.**

*Sheen v. Kubiac*, 131 Ohio St. 52 (1936), paragraph three of the syllabus.

**{¶20}** The decision of whether to grant or deny a motion for new trial is committed to the sound discretion of the trial court. *In re C.C.*, 10th Dist. Franklin Nos. 04AP-883, 04AP-884, 04AP-885, 04AP-886, 04AP-887, 04AP-888, 04AP-889, 04AP-890, 04AP-891, 04AP-892, 2005-Ohio-5163, ¶ 74, citing *Taylor v. Ross*, 150 Ohio St. 448 (1948). We will not reverse a trial court's denial of a motion for new trial absent an abuse of that discretion. *Sharp v. Norfolk & W. Ry. Co.*, 72 Ohio St.3d 307 (1995). An abuse of discretion implies that a court's ruling is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶21}** However, as an initial matter, we must address the participation of Patricia in this case. The record reflects that H.T.'s biological parents did not attempt to play a significant role in her life. As noted by the trial court in its decision "[t]here appears to be little to no likelihood of a safe reunification with either birth parent, as mother remains [out of state] and has another child, and father has continued to spend time in multiple incarcerations, including prison for four years

between 2011 to 2015. Many of father's criminal conduct involves assaultive behavior." (Doc. No. 204 at 5). It is notable that one of these crimes for which Larry served prison time was for committing felonious assault against Ravonda and Thomas' daughter while she was pregnant with H.T. Needless to say, the record indicates that there was a significant amount of acrimony and distrust between Ravonda and Thomas and Patricia arising out of this painful history.

{¶22} As previously mentioned, the record further indicates that Ravonda and Thomas were given legal custody of H.T. from 15 days old to the time of the trial court's granting of the petition for adoption by order of Union County Juvenile Court, with Patricia having every other weekend visitation. The immediate adoption proceedings were filed in 2012 by Ravonda and Thomas with H.T.'s birth mother's consent, and this Court later affirmed the trial court's determination that Larry's consent was not required under R.C. 3107.07(A).

{¶23} This notwithstanding, as noted by the trial court "one of the most troubling aspects of this case" is the fact that "[t]he only time the Respondent, birth father of [H.T.], appeared in Court was the day the Probate Court had scheduled this matter for the second phase of an adoption, that is oftentimes a finalization of the adoption. This was January 15, 2015." (Doc. No. 204 at 2). At this time Larry requested an evidentiary hearing to be scheduled to determine whether granting the petition for adoption was in H.T.'s best interest. The matter was continued and the

trial court held an evidentiary hearing which lasted three days. Despite his request for the hearing to take place, which further delayed the proceedings, the trial court observed what later transpired in the courtroom: "While counsel for Respondent presented his case before the Court, each day of [the] hearing reminded all present there was one empty chair at counsel table for the Respondent." (*Id.*). Even though Larry failed to be actively involved in the adoption proceedings, to the trial court it became "abundantly clear the individual that was leading and/or guiding the Respondent's case was his mother, Patricia Reisinger." (*Id.*)

{¶24} Chapter 3107 of the Revised Code governs adoptions in Ohio. *In re Adoption of Ridenour*, 61 Ohio St.3d 319, 328 (1991). Sections 3107.11 and 3107.06 the Revised Code specifies that particular parties must be given notice of the filing of the adoption petition and also requires the written consent of particular parties before an adoption petition may be granted. *Id*; *see also* 3107.07 (stating when the consent of particular parties is not required). The fiduciary of a deceased parent's estate is not listed as a person who must be given notice of or consent to an adoption under the statutory provision. Moreover, Patricia has failed to provided us with any authority which permits her to be a party to these proceedings, let alone to have standing to challenge the granting of the petition, either via direct appeal of that judgment, which was not undertaken, or via a post judgment motion to "reconsider evidence" or a motion for a new trial.

{¶25} Furthermore, it is noteworthy that upon reviewing the grounds on which Patricia bases her motion for a new trial, it is apparent that Patricia is still attempting to "lead and/or guide" Larry's case posthumously for her own interests alone in that the additional evidence that Patricia seeks the trial court to consider is in support of *her* relationship with H.T., rather than advocating for any right that Larry may have been able to assert during his lifetime as H.T.'s natural father.

{¶26} In other words, it is clear that Patricia is raising objections to the trial court's granting of the adoption petition by attempting to utilize her "fiduciary capacity" as Administrator of Larry's Estate solely in order to prevent the trial court from terminating *her* grandparent visitations with H.T. *In re Adoption of Ridenour*, 61 Ohio St.3d at 330 ("[U]nless the [grandparents] are themselves seeking to adopt, they do not have an interest in the adoption proceeding *per se* sufficient to give them standing to intervene." *See In re Adoption of T.B.S.*, 4th Dist. Scioto No. 07CA3139, 2007-Ohio-3559, ¶ 13, quoting *State ex rel. Hitchcock v. Cuyahoga Cty. Court of Common Pleas, Probate Div.*, 97 Ohio App.3d 600, 609 (1994) ("The law is clear that 'biological grandparents do not have standing in adoption proceedings'* * *"); R.C. 3107.15(A)( stating "[a] final decree of adoption * * * shall have the following effects as to all matters within the jurisdiction or before a court of this state * * * to terminate all legal relationships between the adopted person and the adopted person's relatives, including the adopted person's biological or other legal parents,

so that the adopted person thereafter is a stranger to the adopted person's former relatives for all purposes * * *).[2] As such, Patricia's posture in this adoption case is utterly without any capacity or standing.

{¶27} Moreover, the prior proceedings in the case establishing that Larry's consent to the petition is unnecessary, the evidence reflected in the record of Larry's lack of involvement in the case, and the fact that Larry is now deceased all conclusively preclude the existence of any new evidence, *material to Larry's interest as a party to the case*, which would have any likelihood of changing the trial court's decision to grant Ravonda and Thomas' petition to adopt H.T.

{¶28} Notwithstanding Patricia's lack of capacity to be a party, we note that our review of the merits of this case is in any event hampered by a failure to provide this Court with transcripts of the trial court proceedings. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). When arguing any factual matter, a transcript is necessary on appeal as Appellant bears the burden of demonstrating error by reference to matters contained within the record. *State v. Skaggs*, 53 Ohio St.2d 162, 163 (1978). As a result, even if we were

---

[2] We acknowledge that there is an exception in the statute under R.C. 3107.15(B) regarding a step-parent adoption after the death of a natural parent, however, the facts in this case do not implicate this exception.

to overlook the issues of capacity and standing, we would have no choice but to presume that the proceedings before the trial court were proper and must affirm the trial court's decision.

{¶29} Accordingly, for all these reasons, we find no error in the trial court's decision to overrule Patricia's motion for a new trial based upon newly discovered evidence. As such, the first assignment of error is overruled.

*Second Assignment of Error*

{¶30} In the second assignment of error, Patricia claims that the trial court's decision to grant Ravonda and Thomas' petition for adoption was not in H.T.'s best interest.

*Standard of Review*

{¶31} The person contesting an adoption petition has the burden of providing "material evidence needed to determine what is in the best interest of the child" and the burden of establishing "that the child's current placement is not the least detrimental available alternative." R.C. 3107.161(C). For these purposes, "least detrimental available alternative" means "the alternative that would have the least long-term negative impact on the child." R.C. 3107.161(A). However, the petitioner retains the burden of proving that adoption is in the best interest of the child. We review a probate court's decision to grant or deny an adoption petition under an abuse of discretion standard. *In Re Adoption of Ridenour*, 61 Ohio St.3d 319, 320

(1991). To find an abuse of discretion, we consider whether the court's decision is unreasonable, arbitrary, or unconscionable. *Id*.

{¶32} At the outset we find that the reasons stated in our resolution of the first assignment of error regarding Patricia's lack of capacity and standing to be a party in this case, and in particular the failure to file any transcripts of the evidentiary best interest hearing on appeal, are similarly applicable to the second assignment of error. However, in the interest of justice and considering the importance of any adoption matter, we would note that based upon our review of the portions of the record, reports, and decision of the trial court that are before us, we find no abuse of discretion in the judgment of the trial court finding it was in H.T.'s best interest to grant Ravonda and Thomas' petition for adoption. Accordingly, the second assignment of error is overruled.

{¶33} Based on the foregoing, the assignments of error are overruled and the judgment of the probate court is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**