[Cite as *In re Adoption of B.T.R.*, 2020-Ohio-2685.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:

       THE ADOPTION OF

       B.T.R.

JUDGES:
Hon. John W. Wise, P.J.
Hon. Craig R. Baldwin, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2019 CA 0005

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 2019 AD 898 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 27, 2020 |


APPEARANCES:

| For Plaintiff-Appellant | For Defendant-Appellee |
|---|---|
| STEPHANIE L. TACKETT<br>REESE PYLE MEYER PLL<br>36 North Second Street<br>P. O. Box 919<br>Newark, Ohio 43058-0919 | TODD R. TROUTMAN, II<br>PRO SE<br>215 Woods Avenue<br>Newark, Ohio 43055 |

*Wise, John, P. J.*

{¶1} Appellant Tyler J. Lightle appeals the September 20, 2019, decision by the Morrow County Court of Common Pleas, Probate Division, denying his step-parent adoption petition.

{¶2} No Appellee's brief has been filed in this matter.

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} On July 15, 2019, Petitioner-Appellant, Tyler J. Lightle, filed a step-parent petition for adoption of the minor child, B.T.R. (DOB 7/19/2012) in the Morrow County Court of Common Pleas, Probate Division. The petition alleged, pursuant to R.C. §3107.07(A), that the biological father's consent was not necessary because he had not had more than *de minimis* contact with the minor child for a period of at least one year preceding the filing of the adoption petition.

{¶5} Respondent-Appellee, Todd R. Troutman II, was served and later filed his objection to the adoption with the Court on August 9, 2019. In his objection he argued that he had fulfilled his fiscal support obligations but had been barred from having any contact with his child or from even knowing where the child resides.

{¶6} On August 9, 2019, Mr. Troutman filed a Motion for Change of Parenting Time in the Licking County Common Pleas Court, Domestic Relations Division, Case Number 2013 DR 00016. Said motion was later amended and re-filed on August 30, 2019. That matter is currently still pending in the Licking County Domestic Relations Court.

{¶7}   On September 19, 2019, the adoption hearing was held in the Morrow County Probate Court.  At said hearing, the probate court heard testimony from Petitioner Tyler Lightle, B.T.R.'s mother, and Mr. Troutman.

{¶8}   The trial court, after advising Petitioner's counsel prior to the hearing, decided to conduct the hearing out of order and took the testimony of Mr. Troutman before it would hear Petitioner's case in chief.

{¶9}   Mr. Troutman appeared *pro se* and was questioned by the court. He testified that a parentage matter had been filed in the Licking County Domestic Relations Court shortly after the minor child's birth in 2013. He testified that child support had been ordered at that time.  The parties stipulated that he was current in paying child support. He further testified that he had also filed a Motion for Change in Parenting Time, under the aforementioned parentage matter, after the adoption petition had been filed. Mr. Troutman admitted that he had not had contact with B.T.R. in over one year.

{¶10}  After court inquiry, he further alleged that he had written letters to B.T.R., but the letters were never mailed. The letters were not produced, nor were they admitted into evidence at the hearing.

{¶11}  B.T.R.'s mother testified that she had requested her address to be sealed with the child support enforcement agency due to a history of domestic violence she had suffered by Mr. Troutman when she was pregnant with B.T.R. She also testified that her phone number and email address had never changed since she had known Mr. Troutman.

{¶12}  The trial court concluded the hearing without testimony from the Petitioner because the court determined, based on Mr. Troutman's testimony, that his consent was

necessary in order to proceed with the adoption. The court based its decision on Mr. Troutman's testimony that he was current in paying child support, that he had filed for child visitation rights in the Licking County Common Pleas Court, that he was present in court that day to contest the adoption, and that he had attempted contact with the child with letters over the past several years. The probate court further found that B.T.R.'s mother did not provide Mr. Troutman with her current address and had her address sealed at the Licking County Court of Common Pleas. The trial court found that Mr. Troutman's consent was necessary and denied the adoption petition. (*See* Sept. 9, 2019, Judgment Entry).

{¶13} Appellant-Petitioner now appeals, raising the following assignments of error for review:

## ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED WHEN IT MISAPPLIED R.C. 3107.07(A) AS IT APPLIES TO DE MINIMIS CONTACT WHEN IT ERRONEOUSLY DETERMINED THAT MR. TROUTMAN'S PAYMENT OF CHILD SUPPORT AND HIS FILING OF A DOMESTIC RELATIONS MATTER, AFTER THE DATE OF THE FILING OF THE ADOPTION PETITION, CONSTITUTED MORE THAN DE MINIMIS CONTACT.

{¶15} "II. THE TRIAL COURT ERRED IN FINDING THAT THE BIOLOGICAL FATHER'S CONSENT WAS NECESSARY TO THE ADOPTION WHEN HE MADE STATEMENTS THAT HE HAD WRITTEN LETTERS TO THE MINOR CHILD BUT FAILED TO PRODUCE THE LETTERS OR ENTER THEM INTO EVIDENCE.

{¶16} "III. THE TRIAL COURT ERRED IN FINDING THAT THE BIOLOGICAL FATHER'S CONSENT WAS NECESSARY TO THE ADOPTION BECAUSE THE

MOTHER HAD HER ADDRESS SEALED AT THE CHILD SUPPORT ENFORCEMENT AGENCY DUE TO A HISTORY OF DOMESTIC VIOLENCE AGAINST HER FROM MR. TROUTMAN."

**I., II. and III.**

**{¶17}** As each of Appellant's assignments of error challenge the trial court's denial of the step-parent adoption petition, we shall address them together.

**{¶18}** The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753–754. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 345 N.E.2d 608

**{¶19}** R.C. §3107.07(A) provides:

Consent to adoption is not required of any of the following:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than *de minimis* contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of

the adoption petition or the placement of the minor in the home of the petitioner.

**{¶20}** The petitioner for adoption has the burden of proving by clear and convincing evidence the natural parent has failed to provide more than *de minimis* contact with or to provide for the maintenance and support of the child for at least a one-year period prior to the filing of the petition, and also must prove the failure was without justifiable cause. *In re Adoption of Bovett,* 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. * * * The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence." *Id.*

**{¶21}** In *Cross v. Ledford* (1954), 161 Ohio St. 469, 120 N.E.2d 118, the Ohio Supreme Court explained that clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross,* syllabus by the court, paragraph three.

**{¶22}** An appellate court will not disturb a trial court's decision on adoption unless it is against the manifest weight of the evidence. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163. A judgment supported by some competent, credible evidence will not be

reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

**{¶23}** Justifiable cause has been found to exist if the custodial parent significantly interferes with or discourages communication between the natural parent and the child. *In Re: Adoption of: Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613. A probate court may examine any preceding events that may have a bearing on the parent's failure to communicate with the child, and the court is not restricted to focusing solely on events occurring during the statutory one-year period. *In re: Adoption of Lauck* (1992), 82 Ohio App.3d 348, 612 N.E.2d 459.

**{¶24}** A probate court's determination as to "justifiable cause" under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. *In Re Adoption of Masa* (1986), 23 Ohio St.3d 163, 492 N.E.2d 140, paragraph two of the syllabus. The language of R.C. 3107.07(A) must be strictly construed to protect the interest of the non-consenting parent subject to forfeiture of his or her parental rights. *In Re Adoption of Sunderhaus* (1992) 63 Ohio St.3d 127, 132, 585 N.E.2d 418.

**{¶25}** The trial court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland* (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273. We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board* (1993), 66 Ohio St.3d 619, 614 N.E.2d 748.

**{¶26}** Here, the trial court found that the Father's consent was necessary in this matter and denied the Petition for Adoption. September 20, 2019, Judgment Entry.

*Support*

**{¶27}** The trial court found that the Father has provided current child support for the child over the last year.

**{¶28}** Upon review of the record we find that Mr. Troutman testified that he was the father of B.T.R., that parentage had been established, that a monthly support of $229.25 had been ordered, and that he was current on his child support obligation. (T. at 7-8). Counsel for the Petitioner stipulated on the record to the fact that Mr. Troutman had been paying child support over the last 12 months. (T. at 11).

**{¶29}** We therefore find the trial court did not err in determining Father provided for the support for the Child as required by judicial decree within the relevant statutory time frame.

*De Miminis Contact*

**{¶30}** In addition to finding the Father was current on his child support obligations, the trial court noted the following evidence in support of its determination: Jessica Lightle has made it difficult for Todd Troutman to have contact with the child; He has attempted to contact the child over the last several years through written correspondence; and he has attempted by Court action to establish contact with his child. (*See* September 20, 2019, Judgment Entry at 2).

**{¶31}** Upon review, we find that the record supports the trial court's findings. At the hearing, the Father testified that he wanted to establish a relationship with B.T.R. (T. at 9); that he was never given an address or phone number to contact the child (*Id.*); that

in fact B.T.R.'s mother's address was sealed in the original child support order (T. at 10); that he filed for visitation with the Licking County Common Pleas Court and that service had been returned stating that it was a "bad address" (*Id.*); and that over the past seven years he wrote letters to B.T.R., which he still had but had been unable to send because he did not have an address (T. at 19).

{¶32} Counsel for Petitioner stipulated that the mother's address had been sealed in the court orders. (T. at 12-13).

{¶33} The trial court as the trier of fact is free to accept or reject any or all of the testimony of the witnesses. The trial court obviously chose to believe Father in this instance.

{¶34} Upon review of the entire record in this matter, we find the trial court's determination Father's consent to the adoption was necessary because Father provided more than *de minimis* contact was supported by the record.

{¶35} Appellant's assignments of error are overruled.

{¶36} Accordingly, the judgment of the Court of Common Pleas, Probate Division, Morrow County, Ohio, is affirmed.

By: Wise, John, P. J.
Baldwin, J., and
Wise, Earle, J., concur.


JWW/d 0424