[Cite as *In re J.R.A.*, 2022-Ohio-3014.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN RE: J.R.A. | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | |
| | : | Case No. 2022 AP 04 0009 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Probate Division, Case No. 21AD003359


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     August 30, 2022


APPEARANCES:

For Appellant                                          For Appellees

DONOVAN R. HILL                                TARA WRIGHT-TIMBERLAKE
122 Market Avenue North                      122 South Wooster Avenue
Suite 101                                             Strasburg, OH  44680
Canton, OH  44702

*Wise, Earle, P.J.*

{¶ 1} Appellant, T.D., appeals the April 5, 2022 judgment entry and final decree of adoption of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division, granting the adoption petition of Appellees, J.F. and C.F.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On May 29, 2020, the Juvenile Division granted appellees legal custody of a minor child, J.R.A., born in December 2017 (Case No. 2019CC00068). Mother of the child is appellant herein; father is R.A. Appellant was granted supervised visitation. Appellees are not related to the child.

{¶ 3} On September 14, 2021, appellees filed a petition for adoption of the child and to change the child's name to J.R.F. The petition alleged consent of the parents was not required because each failed without justifiable cause to provide more than de minimis contact with, and maintenance and support to, the minor child for at least one year prior to the filing of the petition.

{¶ 4} A hearing was held on April 5, 2022. At the conclusion of the hearing, the trial court found the parents failed, without justifiable cause, to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition. By judgment entry filed April 5, 2022, the trial court found, in considering the factors in R.C. 3107.161, it was in the child's best interest to grant the adoption petition. A final decree of adoption was filed same date, granting the petition for adoption and the requested name change.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6}  "THE TRIAL COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 7}  "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO CONTINUE."

{¶ 8}  We will address the assignments of error out of order for ease of discussion.

II

{¶ 9}  In her second assignment of error, appellant claims the trial court abused its discretion in denying her request for a continuance.  We disagree.

{¶ 10} The grant or denial of a continuance rests in the trial court's sound discretion.  *State v. Unger,* 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981).  In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).  "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.  The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied."  *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 1 L.Ed.2d 921 (1964).

{¶ 11} The petition for adoption was filed on September 14, 2021.  After repeated failed service attempts, appellant was served with the hearing notice on January 14, 2022.  On February 7, 2022, appellant was appointed counsel to represent her.  In the same

judgment entry, the hearing was continued from February 17, 2022, to April 5, 2022. The hearing commenced as scheduled on April 5, 2022. Appellant's appointed counsel was present, but appellant was not. T. at 4. Appellant's counsel informed the trial court he attempted to contact appellant, but she was not responding to the number he had in his file. *Id.* Appellant was aware of the date and time of the hearing as she and her counsel discussed the upcoming hearing during a telephone call on March 15, 2022. T. at 5. Appellant's counsel acknowledged the notice appellant received informed her that her appearance was mandatory. *Id.* Appellant's counsel then requested a continuance "to try and get ahold of my client. I'm not sure where she is. I did speak with her, so I will attempt to represent the wishes she communicated to me during that phone call as best I can today, but I would formally request a continuance to try to secure her personal appearance." T. at 8. The trial court denied the request as follows (*Id.*):

> I'm gonna deny the continuance request. Mother has been served validly with notice of these proceedings. She as much as came to the Court to request appointed counsel, which we have done, so, and you've communicated with her. It's my understanding, based upon your representations today, you've communicated to her about today's hearing, the date and time for today's hearing, so we're gonna proceed.

{¶ 12} Appellant's counsel then informed the trial court he was notified appellant was attempting to appear via Lifesize because she did not have transportation to the hearing. T. at 8-9. The trial court stated, "mom knew, she should have made

arrangements to get transportation, and if she gets on Lifesize, we'll let her join in the hearing." T. at 9. At no time did appellant join the hearing.

{¶ 13} When appellant was appointed counsel on February 7, 2022, she was notified the hearing was continued to April 5, 2022. In a telephone call with her counsel on March 15, 2022, appellant was aware of the hearing date. Appellant had several weeks to arrange transportation to the hearing or to set up her appearance via Lifesize. She failed to do either without any explanation as to why. Appellant's counsel participated in the hearing and cross-examined the witnesses.

{¶ 14} Upon review, we find the trial court did not abuse its discretion in denying appellant's continuance request.

{¶ 15} Assignment of Error II is denied.

I

{¶ 16} In her first assignment of error, appellant claims the trial court's decision was against the manifest weight of the evidence. Specifically, appellant claims the trial court erred in finding appellees met their burden. We disagree.

{¶ 17} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In *State v. Thompkins,* 78 Ohio St.3d 380,

387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990), the

Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight is not a question of mathematics, but depends on its *effect in inducing belief.*"  (Emphasis sic.)

{¶ 18} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 19} As this court explained in *In re Adoption of B.T.R.*, 5th Dist. Morrow No. 2019 CA 0005, 2020-Ohio-2685, ¶ 18:

The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law.  This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished.  *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754.  Adoption terminates those fundamental rights.  R.C.

3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 345 N.E.2d 608.

{¶ 20} R.C. 3107.07 governs consents not required. Subsection (A) states the following:

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 21} "Because R.C. 3107.07(A) is written in the disjunctive, either a failure to communicate or a failure to provide support for the one-year time period is sufficient to obviate the need for a parent's consent." *In re Adoption of A.H.,* 9th Dist. Lorain No. 12CA010312, 2013-Ohio-1600, ¶ 9, citing *In re Adoption of McDermitt,* 63 Ohio St.2d 301 (1980).

{¶ 22} "Clear and convincing evidence" is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. *Accord In re Adoption of Holcomb,* 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross* at 477. Sufficiency of the evidence "is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict [decision] is a question of law." *Thompkins, supra,* at 386.

{¶ 23} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 24} In determining the issues of contact and maintenance and support, the Supreme Court of Ohio developed a three-step analysis:

> The court must first determine what the law or judicial decree required of the parent during the year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. Second, the court determines whether during that year the parent complied with his or her obligation under the law or judicial decree. Third, if during that year the parent did not comply with his or her obligation

under the law or judicial decree, the court determines whether there was justifiable cause for that failure.

*In re Adoption of B.I.,* 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28, ¶ 15; *In re Adoption of A.K.,* —— Ohio St.3d ——, 2022-Ohio-350, —— N.E.3d ——, ¶ 17.

{¶ 25} At the conclusion of the hearing, the trial court found the parents failed, without justifiable cause, to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition.  T. at 61.  The trial court did not make any finding regarding support and maintenance.  Therefore, our review is limited to de minimis contact.

{¶ 26} For the first step, appellant made no argument there was any law or judicial decree prohibiting her from contacting the child.

{¶ 27} For the second step, in its judgment entry filed April 5, 2022, the trial court found appellant failed to provide more than de minimis contact with the child.  In her appellate brief, appellant does not dispute this finding.  Appellant argues appellees failed to prove there was no justifiable cause for her failure to provide more than de minimis contact with the child.  Appellant's Brief at 4.

{¶ 28} In 2019, the child was in the custody of the maternal grandmother.  T. at 16.  Her age and health situation were not conducive to caring for an eighteen-month old child, so she reached out to appellees because she knew they were interested in adopting a child.  *Id.*  Appellees received legal custody of the child on May 29, 2020.  T. at 12.  Appellant was granted visitation, but last visited the child before the final custody hearing

held on February 6, 2020.  T. at 17-18, 21, 27, 29.  The adoption petition was filed on September 14, 2021.  In the one year preceding the filing of the petition, appellant did not try to contact the child via "correspondence, cards, [or] anything like that," and appellees did not interfere in any way.  T. at 18-19, 28-29.  Appellant did not request or schedule visitation and appellees never denied visitation.  T. at 19, 28-29.  Adoptive father believed appellant knew his address and telephone number.  T. at 22-23, 24.  Appellant never contacted him.  T. at 23.  Adoptive mother knew appellant had her telephone number.  T. at 28.  Appellant texted her once in January prior to the final custody hearing on February 6, 2020.  T. at 27-28.  The trial court concluded "consent is not required by either of the parents for the reason of failure to provide more than *de minimis* contact with the minor for a period of at least one year prior to the filing of the petition."  T. at 62.

{¶ 29} Appellant was aware of the hearing and failed to appear and testify on her own behalf.

{¶ 30} Although it is appellees' burden to prove by clear and convincing evidence appellant failed to provide more than de minimis contact with the child for the one-year period and the failure was unjustified, appellant "has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child.  However, the burden of proof never shifts from the petitioner."  *In re: K.M.R.,* 5th Dist. Muskingum No. CT2017-0049, 2018-Ohio-1265, ¶ 23, citing *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987).

{¶ 31} The evidence clearly shows appellant failed to provide even de minimis contact with the child for more than one year preceding the filing of the petition.  Appellant had been granted visitation with the child, but failed to exercise it.  She had appellees'

contact information. There is no evidence of appellees or anyone else interfering in any way with appellant attempting to contact the child. Appellant was able to contact and communicate with her court appointed counsel.

{¶ 32} Upon review, we find the trial court neither lost its way nor created a miscarriage of justice in finding appellant's failure to provide de minimis contact with the child for the one-year period was not justifiable. The trial court's decision in finding consent was not required was not against the manifest weight of the evidence.

{¶ 33} Assignment of Error I is denied.

{¶ 34} The judgment of the Court of Common Pleas of Tuscarawas County, Probate Division, is hereby affirmed.

By Wise, Earle, P.J.

Gwin, J. and

Delaney, J. concur.

EEW/db