[Cite as *In re Adoption of A.L.D.*, 2023-Ohio-1201.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| ADOPTION OF A.L.D. | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 2022 AP 10 0042 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Tuscarawas County
                                      Court of Common Pleas, Probate
                                      Division, Case No. 2022 AD 03403

JUDGMENT:                             Reversed and Remanded

DATE OF JUDGMENT:                     April 11, 2023

APPEARANCES:

For Plaintiffs-Appellants D.R and A.D.          For Defendant-Appellee J.S.

DAN GUINN                                       LISA CALDWELL
232 West 3rd Street                             203 Fair Ave. NE
Suite 312                                       New Philadelphia, Ohio 44663
Dover, Ohio 44622

*Baldwin, J.*

{¶1} Appellants D.R. and A.D. appeal the October 14, 2022 Judgment Entry of the Tuscarawas County Court of Common Pleas, Probate Division, denying D.R.'s Petition for Adoption of Minor A.L.D. (DOB 7/01/2011). Appellant A.D. is A.L.D.'s biological mother, and appellant D.R. is her step-father. Appellee J.S. is A.L.D.'s biological father.

## STATEMENT OF THE FACTS AND THE CASE

{¶2} A.D. and J.S. lived together when A.D. became pregnant with A.L.D. During their relationship J.S. was physically, mentally, and emotionally abusive to A.D. A.D. left J.S. approximately two weeks after A.L.D.'s birth.

{¶3} J.S. was sent to jail when A.L.D. was approximately three months old. A.D. visited J.S. in jail, told him to stay away, and told him that she did not want anything to do with him. J.S. had had unlawful sexual contact with A.D.'s fifteen-year old sister, for which he was later imprisoned. He is a tier II registered sex offender, and is required to register as such for twenty-five years. He has been convicted of other felonies, and has been in and out of prison.

{¶4} J.S. joined a church in 2019, and he has been sober since April, 2019. He has not seen or had any contact with A.L.D. since she was an infant.

{¶5} On July 27, 2020, J.S. filed a motion to establish visitation with A.L.D. with the Tuscarawas County juvenile court. J.S.'s paternity was established, and a Guardian Ad Litem ("GAL") was appointed. The GAL recommended against visitation. The juvenile court conducted a hearing, and thereafter denied the motion.

{¶6} On August 23, 2021, J.S. filed a second motion to establish visitation. The GAL was re-appointed. In addition, a partial psychological evaluation was performed of J.S. A hearing was conducted on the motion at which A.D. testified, as did the GAL. The juvenile court thereafter issued a judgment entry that, once again, denied J.S.'s motion.

{¶7} On June 8, 2022, appellant D.R. filed a petition for adoption of minor with the Tuscarawas County Court of Common Pleas, Probate Division, seeking a step-parent adoption of A.L.D. A.D. consented to the adoption. The petition listed J.S. as a person whose consent to the adoption is not required based upon his failure without justifiable cause to provide more than de minimis contact with A.L.D. for a period of at least one year immediately preceding the filing of the June 8, 2022 petition.

{¶8} The trial court set the matter for hearing, and issued a notice of hearing on the petition that was served upon J.S. by certified mail on June 21, 2022. J.S. requested representation in the matter, and the trial court ordered that the Public Defender's Office be appointed to represent him in the proceedings. The hearing was rescheduled for October 11, 2022.

{¶9} The hearing proceeded as scheduled. The testimony established that appellants D.R. and A.D. have lived together with A.L.D. for approximately eight years, since A.L.D. was three-years old. The appellants were married on May 30, 2021.

{¶10} The testimony established further that, other than his August 23, 2021 motion to establish visitation, J.S. had made no effort whatsoever to have contact with A.L.D. within the one year preceding appellant D.R.'s petition.[1] Nor did he attempt to

---

[1] In fact, other than the 2020 and 2021 motions to establish visitation, J.S. has made no effort to have any sort of contact with A.L.D. since she was three-months old.

contact A.D. through social media, or send any letters or cards to A.L.D. either at the home she shares with A.D. and D.R. or to any of A.L.D.'s other relatives.

{¶11} J.S. confirmed during his testimony that, within the one year preceding the appellants' June 8, 2022 petition, he had done nothing to provide any contact with A.L.D. other than file the August 23, 2021 motion. He did not engage with A.L.D. through A.D. and/or D.R., nor through any other family members or relatives. He did not send A.L.D. any letters, cards, or gifts. He testified that he "didn't find it suitable," "didn't find it appropriate," "that it would cause a lot more friction than to, than to go ahead and do through the Courts," and that he "just didn't have the desire to do it outside of the Court's design."

{¶12} J.S. testified that there was neither a no contact order nor a protection order in place with regard to A.D. or A.L.D. that would have prevented him from having contact with A.L.D.

{¶13} The trial court found by clear and convincing evidence that J.S. failed to have more than de minimis contact with A.L.D. during the one year preceding the filing of the petition.

{¶14} The court further found that J.S's August 23, 2021 motion to establish court ordered visitation, and the juvenile court's denial of the motion, provided J.S. with justifiable cause for his failure to have de minimis contact with A.L.D. As such, J.S.'s consent to the adoption was necessary. Because J.S. did not consent, the appellants' petition was denied.

{¶15} The appellants filed a timely appeal, and set forth the following sole assignment of error:

**{¶16}** "I. THE COURT ERRED IN DETERMINING THAT THE APPELLEE'S CONSENT WAS NEEDED TO GRANT THE APPELLANTS' PETITION FOR ADOPTION."

**{¶17}** The appellants argue that the appellee's consent for the adoption of A.L.D. was not required. We agree.

### STANDARD OF REVIEW

**{¶18}** The right of a natural parent to the care and custody of his or her children is one of the most fundamental in the law and, as a fundamental liberty interest, it cannot be easily extinguished. *In re Adoption of M.T.R.,* 5th Dist. Licking No. 2022 CA 00010, 2022-Ohio-2473, ¶19 (citing *In re Adoption of B.T.R.*, 5th Dist. Morrow No. 2019 CA 0005, 2020-Ohio-2685, ¶ 18, and *Santosky v. Kramer*, 455 U.S. 745, 753–754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (182)). "Adoption permanently terminates the parental rights of the natural parent" and, as such, "Ohio law requires parental consent to an adoption unless a specific statutory exception exists." *Id.* (citing *In re Adoption of C.H.B.*, 3rd Dist. Crawford No. 3-19-18, 2020-Ohio-979, ¶ 18.)

**{¶19}** The *M.T.R.* court stated further:

One such statutory exception to the requirement of parental consent is found in R.C. 3107.07(A), which provides:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to

provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

"R.C. 3107.07(A) is written in the disjunctive." *In re Adoption of C.H.B.*, 2020-Ohio-979, ¶ 19 quoting *In re Adoption of H.R.*, 3rd Dist. Logan No. 8-14-15, 2014-Ohio-5390, ¶ 23. "Therefore, a failure without justifiable cause to provide *either* more than *de minimus* contact with the minor or maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." (Emphasis sic.) *Id.*

*Id.* at ¶20-21.

{¶20} In the case sub judice, the trial court did not make any findings regarding support and maintenance. Thus, our review is limited to the issue of de minimis contact.

{¶21} J.S. does not dispute that he failed to have de minimis contact with A.L.D. within the one year preceding appellant D.R's June 8, 2022 petition for adoption of minor. Accordingly, clear and convincing evidence supports the trial court's finding that J.S. failed to have contact with A.L.D. for one year prior to the filing of the petition.

{¶22} The issue before this Court, therefore, centers on the question of whether J.S. had justifiable cause for his failure.

{¶23} The trial court found that J.S's August 23, 2021 motion to establish visitation, and the juvenile court's denial thereof, established justifiable cause for his failure to have de minimis contact. This determination may not be disturbed on appeal

unless it is found to be against the manifest weight of the evidence. *Id.* at ¶24, citing *In re Adoption of B.T.R.,* 5th Dist. Morrow No. 2019 CA 0005, 2020-Ohio-2685.

**{¶24}** The role of the appellate court in making a determination pursuant to a manifest weight standard of review is to "examine the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.*

**{¶25}** Accordingly, we review the entire record and weigh all the evidence in determining whether the trial court's decision that J.S. had justifiable cause for his failure to have de minimis contact with A.L.D. within one year preceding the petition for adoption was against the manifest weight of the evidence.

### ANALYSIS

**{¶26}** It is not disputed that, other than filing the August 23, 2021 motion to establish visitation, J.S. made no effort to have any contact A.L.D. within one year prior to appellant D.R.s' petition. Indeed, J.S. has made no effort to have contact with A.L.D., who turned eleven shortly after the petition for adoption was filed, since she was three months old. At no time did J.S. engage with A.L.D. through A.D. and/or D.R., nor through any other family members. At no time did he sent A.L.D. any letters, cards, or gifts. He testified that he "didn't find it suitable," "didn't find it appropriate," "that it would cause a lot more friction than to, than to go ahead and do through the Courts," and that he "just didn't have the desire to do it outside of the Court's design."

**{¶27}** J.S. further testified that at no time was he subject to a no contact order or a protection order with regard to A.D. or A.L.D. that would have prevented him from contacting A.L.D.

**{¶28}** The court's analysis in *In re P.C.*, 5th Dist. Stark No. 2021 CA 00087, 2021-Ohio-4418 is instructive. In *P.C.*, the minor's biological father argued that the biological mother's refusal to allow him to see the minor child unless he obtained a court order provided justifiable cause for his failure to have de minimis contact with the minor for the one year preceding the petition for adoption. The trial court disagreed, and permitted the adoption to proceed without his consent. This court affirmed, stating:

> . . . In *In re Adoption of T.U.*, 6th Dist. Williams No. WM-19-012, 2020-Ohio-841, 152 N.E.3d 943, the Court noted that the distinction between a *no-visitation* order and a *no-contact* order is important.
>
> > A "no-visitation" order prevents a parent from having parenting time with the child, while a "no-contact" order prohibits all contact and communication with the child. <u>While a "no-contact" order can provide justifiable cause for a parent's failure to have more than de minimis contact with the child under R.C. 3107.07(A),</u> **<u>a "no-visitation" order does not provide justifiable cause.</u>** *In re Adoption of T.R.S.,* 7th Dist. Belmont No. 13 BE 43, 2014-Ohio-3808, ¶ 20. <u>This is because "visitation does not equate with communication \* \* \*."</u> *In re Adoption of C.A.L.,* 2015-Ohio-2014, 35 N.E.3d 44, ¶ 30 (12th Dist.). That is, <u>"a parent can communicate with a child 'notwithstanding the inability to physically visit with the child.'</u> " Id., *quoting In re Adoptions*

> *of Doyle,* 11th Dist. Ashtabula Nos. 2003-A-0071 and 2003-A-0072,
>
> 2004-Ohio-4197, 2004 WL 1778821, ¶ 17.

2020-Ohio-841 at ¶ 27. In the case at bar, competent, credible evidence supports the trial court's finding that Appellant had other means by which he could have located P.C., contacted P.C., and attempted to establish a visitation schedule.

(Emphasis added.) *Id.* at ¶24.

**{¶29}** Just as a "no visitation" order does not provide justifiable cause, neither does the denial of a motion to establish visitation. Thus, the fact that J.S. did not have a visitation order, in and of itself, does not provide justifiable cause for his failure to have de minimis contact with A.L.D. within the one year preceding the petition for adoption, as he was not prevented from communicating or having contact with A.L.D. Despite the lack of an order that he be permitted to have visitation, he still could have tried to contact her. He could have sent her cards, letters, or gifts. His failed request for visitation, alone, is insufficient to establish justifiable cause for his failure to have de minimis contact with A.L.D.

**{¶30}** Based upon our review of the entire record in this matter, we find that the trial court's determination that J.S. had justifiable cause for his failure to have de minimis contact with A.L.D. for the one year prior to the appellants' petition for adoption was against the manifest weight of the evidence, and that to disallow the adoption to proceed to the best interest phase creates a manifest miscarriage of justice such that the judgment must be reversed.

**{¶31}** Appellants' assignment of error is sustained.

**{¶32}** The judgment of the Tuscarawas County Court of Common Pleas, Probate Division, is reversed, and the matter is remanded to the court for further proceedings consistent with this opinion.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.