[Cite as *In re Adoption of B.P.V.*, 2024-Ohio-6083.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ADOPTION OF B.P.V. | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 24AP0007 |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morgan County Court of Common Pleas, Probate Division, Case No. 23PA0141 |
| | |
| JUDGMENT: | AFFIRMED |
| | |
| DATE OF JUDGMENT ENTRY: | December 27, 2024 |

APPEARANCES:

For Appellant Father:

RICHARD D. HIXSON
3808 James Court, Ste. 2
Zanesville, OH 43701

For Appellee Stepfather:

JOHN K. CHRISTIE
36 West Main St.
McConnellsville, OH 43756

*Delaney, P.J.*

{¶1} Appellant Father appeals from the May 14, 2024 Adoption Hearing Entry of the Morgan County Court of Common Pleas, Probate Division. Appellee is the Stepfather of the Minor Child (Jane Doe) and did not appear in the instant appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 23, 2023, Stepfather filed a petition for the adoption of Jane Doe, the minor child of Stepfather's wife, Mother. Mother and Stepfather have been married since 2020 and Jane Doe is in Mother's permanent custody. The adoption petition asserted Father's consent to the adoption is not necessary because 1) Father has failed without justifiable cause to provide more than de minimis contact with Jane Doe for a period of at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home of the petitioner, and Father has failed without justifiable cause to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition or the placement in the home of the petitioner.

{¶3}  Mother consented to the adoption of Jane Doe by Stepfather.

{¶4} Service of the petition and notice of the adoption hearing were perfected upon Father and he appeared in person and objected to the adoption. Counsel was appointed on his behalf and the adoption hearing was rescheduled.

{¶5} Father was transported to the rescheduled hearing by order of the Court because he was incarcerated in the Muskingum County Jail following his conviction upon one count of failure to comply, a felony of the third degree.

{¶6} Following the hearing, the trial court found Father failed without justifiable cause to provide for the maintenance and support of Jane Doe as required by law for a period of at least one year immediately preceding the filing of the adoption petition and as a consequence of this failure to support, Father's consent to adoption was not required.

{¶7}   Father now appeals from the trial court's Adoption Hearing Entry of May 24, 2024.

{¶8}   Father raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶9} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT'S FAILURE TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILD WAS WITHOUT JUSTIFIABLE CAUSE, AS SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## ANALYSIS

{¶10} Father argues the trial court erred in finding his failure to provide for the maintenance and support of the minor child was without justifiable cause.  We disagree.

{¶11} The right of a natural parent to the care and custody of his or her children is one of the most fundamental in the law and, as a fundamental liberty interest, it cannot be easily extinguished. *In re Adoption of M.T.R.,* 2022-Ohio-2473, ¶ 19 (5th Dist.), citing *In re Adoption of B.T.R.*, 2020-Ohio-2685, ¶ 18 (5th Dist.), and *Santosky v. Kramer*, 455 U.S. 745, 753–754, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). "Adoption permanently terminates the parental rights of the natural parent" and, as such, "Ohio law requires parental consent to an adoption unless a specific statutory exception exists." *Id.*, citing *In re Adoption of C.H.B.*, 2020-Ohio-979, ¶ 18 (3rd Dist.).

{¶12} One such statutory exception to the requirement of parental consent is found in R.C. 3107.07(A), which provides:

> Consent to adoption is not required of any of the following:
>
> (A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶13} "R.C. 3107.07(A) is written in the disjunctive." *In re Adoption of C.H.B.*, 2020-Ohio-979, ¶ 19 (3rd Dist.), internal citation omitted. "Therefore, a failure without justifiable cause to provide *either* more than *de minimus* contact with the minor or maintenance and support for the one-year time period is sufficient to obviate the need for a parent's consent." (Emphasis sic.) *Id.*

{¶14} In the case sub judice, the trial court found Father failed without justifiable cause to provide for the maintenance and support of the minor child for a period of at least one year immediately preceding the filing of the adoption petition on October 23, 2023; as a result, Father's consent to the adoption petition was not required. Father does not dispute that he failed to provide for the maintenance and support of Jane Doe, and that he failed to have de minimis contact with her; accordingly the trial court's factual conclusion is supported by clear and convincing evidence. *Matter of Adoption of A.L.D.*,

2023-Ohio-1201, ¶ 21 (5th Dist.). Father argues, though, that the failure to provide for her maintenance and support was justified because Mother agreed not to seek support from him, and this mutual understanding justifies his failure to provide maintenance and support and requires his consent to Jane Doe's adoption.

{¶15} The role of the appellate court in making a determination pursuant to a manifest weight standard of review is to "examine the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *Id.,* ¶ 24. Accordingly, we review the entire record and weigh all the evidence in determining whether the trial court's decision that Father did not have justifiable cause for his failure to provide maintenance and support for Jane Doe within one year preceding the petition for adoption was against the manifest weight of the evidence.

{¶16} The uncontroverted testimony of Stepfather, Mother, and Father established that after Mother and Father discontinued their relationship, Father provided no maintenance or support for Jane Doe. Mother did not seek a court order for support; Father did not seek a court order for allocation of parental rights. The evidence also established Father had no contact with Jane Doe since she was four years old and she was eight years old at the time of the hearing. Father claimed to have sent a birthday card, but had no idea whether it was received. Mother agreed she did not seek maintenance or support from Father.

{¶17} The Ohio Supreme Court previously formulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A) to determine if parental consent

is required. *In re Adoption of C.H.B.*, 2020-Ohio-979, ¶ 20; *In re Adoption of M.B.*, 2012-Ohio-236, ¶ 23.

{¶18} In the first step, the probate court must determine whether the petitioner has proven, by clear and convincing evidence, that the natural parent has failed to have more than de minimus contact with the child or failed to provide for the maintenance and support of the child. *In re Adoption of M.B.*, supra, at ¶ 23. In *Cross v. Ledford*, 161 Ohio St. 469, (1954), the Ohio Supreme Court explained that clear and convincing evidence is more than a preponderance of the evidence but does not rise to the level of beyond a reasonable doubt as required in criminal cases. It must produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. *Cross*, syllabus by the court, paragraph three; *In re Adoption of B.T.R.*, 2020-Ohio-2685, ¶ 21 (5th Dist.). "A trial court has discretion to make these determinations and in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision." *In re Adoption of M.B.,* supra, at ¶ 25. To find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

{¶19} In the instant case, the trial court found Stepfather proved, by clear and convincing evidence, that Father failed to provide for the maintenance and support of the child.  This conclusion is supported by clear and convincing evidence and is not an abuse of discretion.

{¶20} The remaining issue is whether Father's failure to provide maintenance and support was justifiable.  If the probate court finds the parent failed to contact or provide

support to the children, the court proceeds to the second step of the analysis to determine whether the parent had justifiable cause for the failure to contact or provide support. The petitioner must prove by clear and convincing evidence that the failure was without justifiable cause. *In re Adoption of C.H.B.*, 2020-Ohio-979, ¶ 22, citing *In re Adoption of M.B.*, 2012-Ohio-236. In the second step, a probate court's determination as to "justifiable cause" under R.C. 3107.07(A) will not be disturbed on appeal unless such determination is against the manifest weight of the evidence. *In re Adoption of B.T.R.*, supra, 2020-Ohio-2685, ¶ 24 (5th Dist.) citing *In Re Adoption of Masa*, 23 Ohio St.3d 163, paragraph two of the syllabus. The probate court, as the trier of fact here, determines the weight and credibility of the evidence. *Seasons Coal Company, Inc. v. City of Cleveland*, 10 Ohio St.3d 77 (1984). We may not substitute our judgment for that of the trier of fact. *Pons v. Ohio State Medical Board*, 66 Ohio St.3d 619 (1993). Our role is to examine the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *In re Adoption of O.J.B.*, 2020-Ohio-4184, ¶ 12 (12th Dist.) citing *In re Adoption of L.C.W.*, 2015-Ohio-61, ¶ 14 (12th Dist.).

{¶21} Father notes the word "justifiable" means "[c]apable of being legally or morally justified; excusable; defensible." Black's Law Dictionary (8th Ed.2004) 882. Some facially justifiable reasons for failure to support one's child are: (1) unemployment and a lack of income, and (2) the custodian, who is in a better financial position than the natural parent, adequately provides for a child's needs and expresses no interest in receiving any financial assistance. *In Re Adoption of B.B.S.*, 2016-Ohio-3515, ¶ 16 (4th Dist.), citing *In*

*re Adoption of Hughes,* 2007-Ohio-3710, ¶¶ 20–21 (4th Dist.). Father's argument is premised solely upon his agreement with Mother when their relationship ended; he never attempted to provide maintenance or support; he sought no court order relieving him of the duty of maintenance and support; and the evidence established only that he was imprisoned for 18 months and intermittently in rehab for an admitted cocaine habit.

{¶22} Father points to cases in which natural parents' failure to support their children was deemed "justifiable" due to their inability to pay maintenance or support. However, in those cases the natural parent presented evidence that the adoptive parents never asked for assistance, no court ever ordered assistance, the natural parents reasonably believed the child was provided for, and the natural parents were in dire financial straits preventing them from providing for maintenance and support. *In re LaValley*, 1999 WL 961785, *5 (2nd Dist.). In the instant case, Father had no idea whether Jane Doe was adequately provided for or not; beyond his agreement with Mother, he didn't inquire into Jane Doe's circumstances or make any effort to establish his own inability to provide for her.

{¶23} In another case cited by Father, the record established the juvenile court found the natural parent incapable of providing for the child and specified the adoptive parents should contact the local child support enforcement agency if they desired to establish support; the trial court concluded if the adoptive family needed support, they could and would have sought it out. *In Re Adoption of B.B.S.*, 2016-Ohio-3515, ¶ 21 (4th Dist.). In the instant case, even Paternal Grandmother was unaware of Father's whereabouts; no finding was ever made that Father could not or should not provide maintenance and support, and Father made no attempt to do so.

{¶24} In the instant case, by his own admission Father was content to not provide for Jane Doe's maintenance or support, and to have no contact with her, because he and Mother agreed to no child support in 2018. Father never established he was unable to pay and admitted he was employed as a truck mechanic.

{¶25} Based upon our review of the entire record in this matter, we find that the trial court's determination that Father did not have justifiable cause for his failure to provide Jane Doe with any maintenance and support for the one year prior to Stepfather's petition for adoption, such that Father's consent to the adoption was required, was not against the manifest weight of the evidence.

## CONCLUSION

{¶26} Appellant's sole assignment of error is overruled and the judgment of the Morgan County Court of Common Pleas, Probate Division is affirmed.

By: Delaney, P.J.,

Wise, J. and

Baldwin, J., concur.